

VIA ECF

March 16, 2018

Hon. David N. Hurd, U.S. District Judge
Northern District of New York
Alexander Pirnie Federal Bldg. and U.S. Courthouse
10 Broad Street
Utica, New York 13501

    **Re:**    **Robin Brophy v. County of Ulster**
           **NDNY Case No.: 1:17-cv-314 (DNH/DJS)**
           **Our File No.: Ulster.160152**

Your Honor:

Pursuant to the request of your chambers, attached for joint filing by the parties is the Settlement Agreement and Release, executed February 6, 2018.

Please advise if anything further is needed.

Very truly yours,

Roemer Wallens Gold & Mineaux LLP

*/s/ Earl T. Redding*

Earl T. Redding

Encs.
cc(w/encs.):    Jonathan R. Goldman, Esq.
                  Clinton G. Johnson, Esq., First Assistant County Attorney

13 Columbia Circle    Ph. 518.464.9589    eredding@rwgmlaw.com
Albany, New York 12203    Fx. 518.464.1010

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is made and entered into by and between Robin Brophy (hereinafter "Plaintiff" or "Releasor") and the the County of Ulster and Suzanne Holt (hereinafter "Defendants" or "Releasees"). The purpose of this Settlement Agreement and Release is to set forth the terms by which the above-mentioned Releasor agrees to resolve all disputes with all of the above-mentioned Releasees and to avoid further litigation. The Parties agree to the following conditions:

1. The Releasees agree to pay Releasor a total sum of Sixty-Seven Thousand Five-Hundred Dollars ($67,500.00). The Releasee County of Ulster agrees to deliver to Releasor's counsel, Sussman and Associates, one check in the amount of Sixty-Seven Thousand Five Hundred-Dollars ($67,500.00) made payable to "Sussman and Associates as attorneys for Robin Brophy" in complete settlement of all of the claims against all defendants at issue in the litigation captioned <u>Robin Brophy v. County of Ulster and Suzanne Holt</u>, venued in the United States District Court for the Northern District of New York, Docket No. 1:17-cv-00314 (DNH/DJS). Said check shall be delivered to Sussman and Associates within ten (10) calendar days of receipt by Releasee's counsel of this Settlement Agreement and Release executed by Robin Brophy.

2. For and in consideration of the conditions and money paid to Releasor and her attorney by and on behalf of Releasees, as more fully described in Paragraph No. 1 above, and for other good and valuable consideration, Releasor hereby waives, releases and forever discharges Releasees, Releasees' past, present and future employees, agents and assigns, including Releasees' attorneys, insurers, representatives and agents in both their official and individual capacities, from any and all suits, debts, dues, accounts, reckonings, bonds, bills, specialties, covenants, contracts, bonuses, controversies, agreements, promises, claims, complaints, cross- claims, counterclaims,

damages, sums of money, interest, expenses, disbursements, or causes of action of any kind or nature whatsoever, known or unknown, suspected or unsuspected, fixed and contingent, at law or in equity, which Releasor has had, now has, or may have had prior to the date of the Releasor's execution of this Settlement Agreement and Release or which the Releasor or her heirs, executors, administrators, agents and assigns, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever based on, arising out of, resulting from, or in any way connected, directly or indirectly to the allegations in the Releasor's Complaint prior to Releasor's execution of this Settlement Agreement and Release, expressly including, but not limited to, the causes of action contained in the Complaint, any claims pursuant to Sections 1981 through 1988 of Title 42 of the United States Code as amended, including claims for attorneys' fees pursuant to 42 U.S.C. § 1988, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, the New York State Human Rights Law, New York Executive Law §290 *et seq.*, the United States Constitution or the New York State Constitution, any claims in law, equity, contract, tort or those claims which were or could have been alleged up until the date of execution of this Settlement Agreement and Release, or any claims arising under any and all federal, state, county or local statutes, laws, rules and regulations, as well as any and all claims under state and federal contract or tort law against Releasees, whether known or unknown, unforeseen, unanticipated, unsuspected, or latent which she, her heirs, executors administrators, successors and assigns ever had, now have or hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of execution of this Settlement Agreement and Release, except a claim that Releasees have failed to comply with any obligations created by this Settlement Agreement and Release.

3. Releasor shall be solely responsible for the payment of any and all taxes on the aforesaid amounts paid under Paragraph No. 1 of this Settlement Agreement and Release, and Releasor shall not make any claim against the Releasees and/or any individual or entity as set forth in Paragraph No. 2, for payment of any such taxes, or any interest or penalties. In the event the Internal Revenue Service, or any other taxing entity, including, but not limited to, the State of New York or any court or other tribunal of competent jurisdiction, ultimately determines that the foregoing payments, or any portion thereof, constitute remuneration for which any taxes are due and owing, Releasor shall be solely responsible for the payment of such taxes. Releasor shall not make any claim against Releasees and/or any individual or entity as set forth in Paragraph No. 2, for payment of any such taxes, or for the payment of any applicable interest or penalties and will indemnify and defend Releasees and/or any individual or entity as set forth in Paragraph No. 2 against any such claims. The validity of this Settlement Agreement and Release shall not be affected in any way by any tax liability Releasor may have with respect to these payments.

4. This Settlement Agreement and Release contains the sole and the entire agreement between Releasor and the Releasees and fully supersedes any and all prior or contemporaneous agreements and understandings pertaining to the subject matter hereof. Releasor represents and acknowledges, in executing this Settlement Agreement and Release that she is competent to enter into this agreement freely and that she has been represented by counsel of her own choice, *to wit*, Sussman and Associates, throughout the negotiations and execution of this Settlement Agreement and Release. Releasor confirms that in executing this Settlement Agreement and Release, she has not relied upon any representation or statement not set forth herein that may have been made by the Releasees or their counsel or representatives with regard to the subject matter of this Settlement Agreement and Release. No other promises or agreements shall be binding unless in writing,

signed by all the parties hereto, and expressly stated to be a modification of this Settlement Agreement and Release.

5. Releasor understands and agrees that the conditions and payment specified in Paragraph No. 1 herein above is the only payment or benefit to which the Releasor is entitled under this Settlement Agreement and Release. Releasor understands and agrees that she will not seek anything further, whether monetary or otherwise, from the Releasees, or in any other proceeding, relating to anything which has happened to date.

6. Releasor agrees that, for a period of one year following the date this Settlement Agreement and Release is fully executed by the parties, she will not seek employment with the County of Ulster in any capacity whatsoever, and the County of Ulster will not be obliged to hire her for employment in any capacity. Following expiration of that one-year period, Releasor agrees that she will not ever seek employment with the Ulster County of Office of Economic Development, and the County of Ulster will not ever be obliged to hire Releasor for employment in its Office of Economic Development. Nothing in this paragraph shall be construed to prevent Releasor from seeking or being hired for employment with the County in any capacity other than in the Office of Economic Development after expiration of the period of one year following the full execution of this Settlement Agreement and Release.

7. This Settlement Agreement and Release shall not be construed as an admission of any fault or liability by the Releasees or any entity or individual referenced in Paragraph No. 2 of this Settlement Agreement and Release for any of the acts or omissions alleged by Releasor, or for any acts or omissions which could have been alleged. The Releasees, or any entity or individual referenced in Paragraph No. 2 of this Settlement Agreement and Release deny any liability

whatsoever, and specifically deny any wrongful conduct with regard to Releasor, for any damages, injuries or other claims by Releasor.

8. Releasor agrees that this Settlement Agreement and Release shall not be offered, used or considered as evidence in any proceeding of any type against or involving the Releasees or any entity or individual referenced in Paragraph No. 2 of this Settlement Agreement and Release, except to the extent necessary to enforce the terms of this Settlement Agreement and Release.

9. Unless ordered by a court of competent jurisdiction, or by other legal process, Releasor and Releasees, and their attorneys agree that the existence, nature and terms of this Settlement Agreement and Release, the amount and fact of payment to Plaintiff, and any and all discussions, communications and correspondence leading to this Settlement Agreement and Release, will remain confidential and not be divulged to any third parties, except, counsel, financial advisors, insurers, and as required by law in the event of a request under the Freedom of Information Law ("FOIL") is made. In the event a FOIL request is made, and the within the Agreement is to be produced pursuant to that request, such agreement will be redacted in accordance with FOIL. If asked by anyone other than the foregoing, the parties will respond by saying only that the matter has been resolved. In the event that an attempt is made to compel disclosure of the existence and terms of this Settlement Agreement and Release, the patties agree to use reasonable efforts to give the other parties notice of any such attempts prior to any disclosure.

10. It is intended by the parties that this Settlement Agreement and General Release, and underlying and operative facts shall be and shall remain confidential, and shall not be disclosed without the prior written consent of the undersigned and each of them, unless ordered to be disclosed by a court of competent jurisdiction. The parties and their respective attorneys agree that they shall not initiate any public comments on any of the matters set forth herein, in any

fashion, such as disclosures or statements to the newspapers, radio, or television, or other media, nor shall they encourage or induce third parties to do so on their behalf.

11. The parties have considered Medicare's interests in this settlement and have determined that an allocation for future Medicare covered expenses is not required based upon the following factors: Releasor affirms that I am not Medicare eligible; I have not filed an application or received SSD or SSI benefits; I am less than 62 ½ years old, and I do not have any expectation of becoming a Medicare Beneficiary within 30 months of this settlement.

12. Releasor acknowledges that, in the event that I become a Medicare Beneficiary within thirty (30) months of the settlement, CMS (Medicare) may require that I expend up to the amount of the settlement to pay for injury related medical care, treatment, or expense before Medicare will provide coverage for any such expense associated with the injury

13. Releasor states that she is not, and never has been a Medicare or Medicaid beneficiary, and that she is not aware of any Medicare or Medicaid liens.

14. Should any clause of this Settlement Agreement and Release be found to be in violation of law, or ineffective or barred for any reason whatsoever, the remainder of the Settlement Agreement and Release shall be in full force and effect.

15. This Settlement Agreement and Release may not be changed or modified except by a writing signed by both Releasor and the Releasees.

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement and Release effective as of the 6 day of February, 2018.

_____
ROBIN BROPHY

STATE OF NEW YORK  )
                   )ss.:
COUNTY OF ORANGE   )

On the 6 day of February, 2018, before me personally came ROBIN BROPHY to me personally known and known to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledge to me that she executed same.

_____
NOTARY PUBLIC

SIMON D. HAYSOM
Notary Public, State of New York
Reg. # 4981015
Qualified in Orange County
Commission Expires May 6, 2619

_____
CLINTON JOHNSON
FIRST ASST. COUNTY ATTORNEY
FOR COUNTY OF ULSTER

STATE OF NEW YORK   )
      ULSTER        )ss.:
COUNTY OF ~~ORANGE~~ )

On the 20th day of February, 2018, before me personally came ~~ROBIN BROPHY~~ Clinton Johnson to me personally known and known to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledge to me that she executed same.

_____
NOTARY PUBLIC

KAREN P. CLARK
Notary Public, State of New York
Reg. No. 01CL6079809
Qualified in Ulster County
Commission Expires September 03, 2018

Page 7 of 8

_____
SUZANNE HOLT

STATE OF NEW YORK )
COUNTY OF ~~ORANGE~~ ULSTER )ss:s.

On the ~~30th~~ day of _February_, 2018, before me personally came ~~ROBIN BROPHY~~ Suzanne Holt, Esq. to me personally known and known to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledge to me that she executed same.

_____
NOTARY PUBLIC

BEATRICE HAVRANEK
NOTARY PUBLIC - STATE OF NEW YORK
Registration No. 02HA5024263
Qualified in Ulster County
Commission Expires March 7, 2018

Page 8 of 8